# CHARLESTON

STEIN, *Constable &c.* v. STAATS *et al.*

Submitted February 25, 1914. Decided May 12, 1914.

1. EXEMPTIONS—*Right to Claim—Residence.*
   Though one's intention and acts as to removal from the State may have made him legally a non-resident, yet if before sale of his property under levy and at the time he claims its exemption therefrom he has by a change of intention and circumstances in good faith again become a resident of the State, he is entitled to the benefit of the exemption law. (p. 358).

2. SAME—*Affidavit of Claim—Sufficiency.*
   An affidavit to an exemption list, which shows that the debtor is a husband, that he is absent, and that exemption is claimed on his behalf by the affiant, his wife, by such showing complies with the statute wherein it requires the affidavit to specify the character in which the debtor claims to be entitled to exemption. (p. 359).

3. SAME—*Property Subject.*
   One has such title to property sold him by another who retains title until full payment of the purchase price, that he may claim it as exempt from forced sale for a debt other than the purchase price. (p. 359).

Error to Circuit Court, Ohio County.

Action by William G. Stein, Constable, against O. M. Staats and others. Judgment for plaintiff, and defendant Staats brings error.

*Affirmed.*

*McCamic & Clarke*, for plaintiff in error.

*Frank A. McMahon*, for defendant in error.

ROBINSON, JUDGE :

This is an action on an indemnifying bond, under Code 1913, ch. 41, sec. 25. Its object is the recovery of double the value of property claimed as exempt by a husband, but sold under execution in disregard of the claim of exemption. Though the action is in the name of the officer to whom the bond was given, it is of course for the use of the judgment debtor whose property was sold. He being the actual plaintiff, we shall herein refer to him as plaintiff. The judgment creditor as principal in the bond and his surety therein are defendants. Plaintiff has judgment, and the principal defendant has prosecuted writ of error.

The main question is whether plaintiff was a resident of the State and as such entitled to exemption of his property from forced sale as he claimed. It is submitted that he had by intention and acts become a resident of Ohio. Be this as it may, the jury were warranted in finding that at the particular time plaintiff claimed the exemption and his property was sold in disregard thereof, he by intention and situation was a bona fide resident of West Virginia. We can not say that the verdict is contrary to the evidence. The evidence is conflicting, and largely involves the credibility of witnesses. There is no such plain preponderance against the finding as will justify our disturbing it. Though plaintiff's intention and acts as to removal to Ohio may have made him legally a non-resident of this State, yet if before the sale of his property and at the time he claimed exemption he had by a change of intention and circumstances in good faith again become a resident of this State, he was entitled to the benefit of the exemption law. *State, use of Burt,* v. *Allen,* 48 W. Va. 154.

The exemption list was properly admitted in evidence. The point made that it does not specifiy the character in which the exemption is claimed is by no means tenable. It is expressly shown by the affidavit to the list that the debtor is a husband, that he is temporarily absent, and that exemption is claimed in his behalf by the affiant, his wife. This certainly complies with the statute wherein it requires the affidavit to specify the character in which the debtor claims to be entitled to exemption, as for example that he is a husband. The statute allows the wife to make the claim and so to specify if the husband is absent. Code 1913, ch. 41, sec. 24.

Nor was prejudicial error committed by the court in directing the jury to disregard the testimony of plaintiff's wife, brought out on cross-examination, that the party who sold plaintiff the property retained the title until the purchase price was paid. The fact was immaterial. For, even if plaintiff so purchased and held the property, he nevertheless had such title to it as he could protect from sale under the levy by a claim of the statutory exemption, the debt being one other than for the purchase price. Plainly the liberal purposes of the exemption law meets such a case. If defendants had sought to show that the absolute title to the property was not in plaintiff, a different proposition might be presented.

We find no error in the giving and refusing of instructions. The case was properly and impartially submitted to the jury. An order affirming the judgment will be entered.

*Affirmed.*